# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

—————————

**No. 25-5324**

**September Term, 2025**

**1:24-cv-02617-RCL**

**Filed On:** June 18, 2026

Fida Ul Mustafa Chohan,

   *Appellant*

  v.

United States Department of State,

   *Appellee*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**  Henderson, Pillard, and Rao, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, which includes an alternative motion to appear remotely at any oral argument, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's September 3, 2025, order dismissing this case be affirmed. The doctrine of consular nonreviewability bars appellant's challenges to the consular officer's visa decisions and appellant's request for an order directing appellee to issue him a visa. See Saavedra Bruno v. Albright, 197 F.3d 1153, 1158–60 & n.2 (D.C. Cir. 1999). As to appellant's remaining claims for damages, he has not identified any waiver of sovereign immunity. See Lane v. Pena, 518 U.S. 187, 192 (1996). The Administrative Procedure Act does not waive sovereign immunity for damages claims. See 5 U.S.C. § 702; Gjoci v. DOS, 171 F.4th 430, 435 (D.C. Cir. 2026). The Privacy Act waives sovereign immunity only for claims

by an "individual," defined as "a citizen of the United States or an alien lawfully admitted for permanent residence." 5 U.S.C. § 552a(a)(2). Appellant, who is a citizen and resident of Pakistan, does not assert he meets that statutory definition. The Federal Tort Claims Act does not waive sovereign immunity for appellant's claims "arising in a foreign country." 28 U.S.C. § 2680(k); see Galvin v. United States, 859 F.3d 71, 73 (D.C. Cir. 2017) (per curiam). And even assuming that the United States could waive sovereign immunity through an international data-sharing protocol, appellant has not identified any language "unequivocally" doing so. Lane, 518 U.S. at 192. It is

**FURTHER ORDERED** that the motion to appear remotely be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>**Per Curiam**</u>

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk